UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Patricia Donovan

   v.                                              Civil No. 14-cv-277-LM

Steven Campbell and
Jennifer Cullinan

**REPORT AND RECOMMENDATION**

    Pro se plaintiff Patricia Donovan, proceeding in forma pauperis, has filed a Complaint (doc. no. 1), which is before the Court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**PRELIMINARY REVIEW STANDARD**

    This Court reviews pleadings filed by plaintiffs proceeding in forma pauperis, and may dismiss claims asserted therein if they seek monetary relief against a defendant immune from such relief, are frivolous, or fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  In determining whether a pro se pleading states a claim, the Court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding legal conclusions, the Court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a plausible

claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013).

## BACKGROUND

On August 23, 2012, Bennington Police Department ("BPD") Chief Steven Campbell arrested plaintiff Donovan and defendant Jennifer Cullinan following a fight between them.  Five days later, Cullinan prepared a written statement for the BPD describing the fight and stating that Donovan had asked Cullinan twice to fight with her, and that Cullinan had accepted the offer.  Cullinan subsequently pleaded guilty to assault charges arising out of that arrest.

On September 3, 2012, unnamed BPD officer (Campbell's "representative") arrested Donovan on charges of stalking, harassment, and disorderly conduct.  Donovan appeared before a judicial officer on those charges, and was released on bail with unspecified conditions.

On July 8, 2013, after the prosecutor in Donovan's criminal case nol prossed the harassment and disorderly conduct charges, the trial court denied Donovan's motion to dismiss the remaining charges.  Cullinan did not appear for Donovan's January 14, 2014, trial, and the prosecutor nol prossed the remaining charges against Donovan on that date.

**CLAIMS**

Donovan has asserted the following claims for damages and injunctive relief under 42 U.S.C. § 1983 and/or state law:

1. BPD Chief Steven Campbell (a) violated Donovan's Fourth Amendment rights, and (b) engaged in tortious conduct, by having plaintiff arrested without probable cause on September 3, 2012.

2. BPD Chief Campbell and defendant Cullinan (a) violated Donovan's Fourth Amendment rights and (b) engaged in tortious conduct, by causing Cullinan to be prosecuted and detained without probable cause, based on witness statements which they both knew or should have known were false.

3. Cullinan's actions during the August 23, 2012, fight render her liable to plaintiff for the tort of false imprisonment, under state law, and render Cullinan criminally liable for her actions.

4. Campbell and Cullinan are liable under state law for intentionally inflicting emotional distress upon plaintiff.

**DISCUSSION**

**I.  Federal Claims**

  A.  False Arrest (Claim 1(a))

Plaintiff alleges that defendant Campbell violated her Fourth Amendment rights by arresting her, or having her arrested, for stalking, disorderly conduct, and harassment, without probable cause, on September 3, 2012.  In general, "[a]n arrest is lawful if the police officer has 'probable cause.'" Holder v. Town of Sandown, 585 F.3d 500, 504 (1st

3

Cir. 2009) (citation omitted).

> A police officer has probable cause when, at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.

Id. (internal quotation marks and citations omitted).  Here, at the time of the arrest, the arresting officer was in possession of Cullinan's statement that Donovan had asked Cullinan twice to fight with her.  Those allegations establish that the arresting officer had probable cause to arrest Donovan for harassment. See RSA § 644:4, I(c) (person is guilty of misdemeanor harassment for taunting or challenging another in a manner likely to provoke violent or disorderly response); see also Holder, 585 F.3d at 504 (victim's statements are "'generally considered sufficiently reliable to support a finding of probable cause'" (citation omitted)).  Accordingly, Donovan has failed to assert facts to support a plausible § 1983 false arrest claim, and that claim (Claim 1) should be dismissed.

    B.    <u>Malicious Prosecution (Claim 2(a))</u>

Plaintiff asserts a malicious prosecution claim under 42 U.S.C. § 1983, relating to the charges on which Donovan was arrested on September 3, 2012.  "[A] plaintiff may bring a suit under § 1983 . . . [for a Fourth Amendment malicious prosecution

4

claim] if [she] can establish that: 'the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.'" Hernandez-Cuevas v. Taylor, 723 F.3d 91, 101 (1st Cir. 2013) (citation omitted).  The information establishing probable cause for Donovan's arrest, as set forth above, also established probable cause for the ensuing initiation of a criminal prosecution.  Accordingly, Donovan has failed to state sufficient facts to support a malicious prosecution claim against defendants, and for that reason, Claim 2(a) should be dismissed.

    C.    Supervisory Liability under § 1983

Plaintiff seeks to hold BPD Chief Campbell liable for the conduct of subordinate BPD officers whom she calls Campbell's "representative[s]."  Donovan has not asserted claims upon which relief might be granted, however, that any BPD officer violated her constitutional rights.  Donovan cannot show, therefore, that Campbell should be held liable for such violations, and her supervisory liability claims against Campbell should be dismissed.

    D.    Cullinan's Liability under § 1983

Plaintiff seeks to hold Cullinan, a private party, liable

under section 1983, for allegedly making false statements to BPD officers and others to harass Donovan and deprive Donovan of her civil rights.  A private party can be deemed liable under 42 U.S.C. § 1983 only under limited circumstances, none of which are applicable here.  <u>See generally</u> <u>Estades-Negroni v. CPC Hosp. San Juan Capestrano</u>, 412 F.3d 1, 5 (1st Cir. 2005) (describing circumstances under which private party may be liable under § 1983).  Stripped of legal conclusions, the Complaint fails to allege facts showing any basis for private party liability under § 1983.  Accordingly, the § 1983 claims asserted against Cullinan should be dismissed.

**II.  <u>State Law Claims</u>**

If this Report and Recommendation is approved, all of the federal claims asserted in the complaint will be dismissed.  The undersigned Magistrate Judge therefore recommends that the District Judge dismiss the state law claims asserted in the Complaint, without prejudice to plaintiff's ability to litigate such claims in state court.  <u>See</u> 28 U.S.C. § 1367 (district court may decline to exercise supplemental jurisdiction over state law claims when all federal claims have been dismissed).

**CONCLUSION**

For the foregoing reasons, Donovan's complaint should be dismissed in its entirety, without prejudice to Donovan asserting her state law claims in a state court action.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

*/s/ Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

July 24, 2014

cc: Patricia Donovan, pro se